## Commonwealth v. Travis.

*Indictment — District attorney's bill — Fugitive from justice—Defendant under bail.*

1. An order to lay a bill of indictment before the grand jury, where there has been no previous binding over or commitment, should not be allowed without the presentation of a petition for its necessity, requiring the extraordinary exercise of power on the part of the district attorney.

2. Where a defendant is under bail conditioned for her appearance in another case at the next term of Quarter Sessions, which term has not yet arrived, and her recognizance is still in force and has not been forfeited, she cannot be legally a fugitive from justice at any time while the recognizance is in force, and, therefore, an indictment found under such circumstances will be quashed.

3. An officer cannot make a legal return to his warrant that the defendant is a fugitive from justice when he has actual or constructive knowledge that she has entered into a recognizance in another case, and the officer had a personal interview with her while he actually had the warrant in his possession.

Motion to quash indictment. Q. S. Bradford Co., Dec. Sess., 1921, No. 23.

Defendant moved to quash the indictment for the following reasons:

"1. The indictment was found without a previous binding over or commitment.

"2. The indictment was found without the presentation of any petition for its necessity, requiring the extraordinary exercise of power on the part of the district attorney.

"3. The indictment was found upon the mere suggestion of the district attorney that the defendant was 'a fugitive from the laws and justice of the Commonwealth of Pennsylvania,' which said suggestion was not true in fact, and said district attorney had actual or constructive knowledge that the said defendant since Sept. 23, 1921, had been under bail in the sum of $500, conditioned for her appearance in another case, No. 1, December Term, 1921, Court of Quarter Sessions of Bradford County, and which recognizance is still in force and has not been forfeited.

"4. That, hence, it was impossible for said defendant to have been legally a fugitive from justice on Nov. 22, 1921, nor any time prior, nor since up to the present time, in the absence of any competent and true testimony that she had become a fugitive since Sept. 23, 1921.

"5. That the return of deputy sheriff to the warrant which he had held continuously from Sept. 3, 1921, until Nov. 17, 1921, was not a true one in stating the defendant was 'hiding in the State of New York, being a fugitive from justice,' because said officer had actual or constructive knowledge of defendant's giving bail Sept. 23, 1921, for her appearance at December Ses-

sions, 1921, and also from the additional fact that on or about Oct. 17, 1921, the said defendant had a personal interview with said officer in the Borough of Athens, County of Bradford and State of Pennsylvania, at his residence, in the presence of Orrin Merritt."

*R. A. Mercur*, for motion; *W. G. Schrier*, District Attorney, contra.

MAXWELL, P. J., Dec. 5, 1921.—And now, to wit, Dec. 5, 1921, it appearing to the court that the indictment in this case was found without a previous binding over or commitment, and also without the presentation of any petition for its necessity, and it also appearing to the court that the defendant was not legally a fugitive from justice on Nov. 22, 1891, being at the time under bail, conditioned for her appearance in another case in Court of Quarter Sessions of Bradford County, and which recognizance is still in force and has not been forfeited, and on motion of R. A. Mercur, Esq., counsel for the defendant, the motion to quash the indictment filed in this case is allowed for the reasons filed, and the indictment directed to be quashed accordingly.